Barrios Roblero v. Barr

BIA
Ruehle, IJ
A205 152 943

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of March, two thousand twenty.

PRESENT:
 ROBERT D. SACK,
 PETER W. HALL,
 STEVEN J. MENASHI,
  *Circuit Judges.*
_____

JESUS MANUEL BARRIOS ROBLERO,
  *Petitioner,*

 v.                                    18-1674
                                       NAC
WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
  *Respondent.*
_____

FOR PETITIONER:        Samuel N. Iroegbu, Albany, NY.

FOR RESPONDENT:        Joseph H. Hunt, Assistant Attorney
                       General; Jessica E. Burns, Senior
                       Litigation Counsel; Don G.
                       Scroggin, Trial Attorney, Office

of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jesus Manuel Barrios Roblero, a native and citizen of Mexico, seeks review of a May 8, 2018, decision of the BIA affirming a July 10, 2017, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Barrios Roblero,* No. A 205 152 943 (B.I.A. May 8, 2018), *aff'g* No. A 205 152 943 (Immig. Ct. Buffalo July 10, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have considered the IJ's decision as supplemented and modified by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014) ("Courts review *de novo* the legal determination of whether a group constitutes a 'particular social group' under the [Immigration and

2

Nationality Act]."); *Yanqin Weng v. Holder*, 562 F.3d 510, 513, 516 (2d Cir. 2009) (reviewing denial of CAT protection under the substantial evidence standard).

Asylum and Withholding of Removal

To establish eligibility for asylum or withholding of removal based on membership in a particular social group, Barrios Roblero had to "establish both that the group itself was cognizable, . . . and that the alleged persecutors targeted [him] on account of h[is] membership in that group." *Paloka*, 762 F.3d at 195 (internal quotation marks and citation omitted). To be cognizable, a social group must be "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." Id. (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (B.I.A. 2014)). "'Particularity' refers to whether the group is 'sufficiently distinct' that it would constitute 'a discrete class of persons.'" *Matter of W-G-R-*, 26 I. & N. 208, 210 (B.I.A. 2014) (quoting *Matter of S-E-G-*, 24 I. & N. Dec. 579, 584 (B.I.A. 2008)). Social distinction requires that the shared traits that characterize the social group be sufficient for the group to "be *perceived* as a group by

3

society." *Id*. at 216; *see also Matter of M-E-V-G-*, 26 I. & N. Dec. at 240; *Paloka*, 762 F.3d at 196 ("[W]hat matters is whether society as a whole views the group as socially distinct, not the persecutor's perception."). Once the applicant has established a cognizable social group, he must demonstrate a nexus between his membership in that group and the persecution he suffered. *Paloka*, 762 F.3d at 196-97.

The agency reasonably found that Barrios Roblero's proposed social group, "young men who are escaping recruitment of the drug cartel in Mexico" lacked particularity and social distinction. He presented no evidence that Mexican society regards "young men who are escaping recruitment of the drug cartel" as a distinct social group, or that the proposed group is identified or treated differently by society. *Cf. Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 73-74 (2d Cir. 2007) (deferring to BIA's conclusion that "affluent Guatemalans" are not sufficiently particular or socially distinct, in part because it is impractical to distinguish petitioners who are targeted because of their group membership from those who are targeted for criminal motives). The only unifying characteristic of the group, which could be composed of males of various ages and

4

backgrounds, is the attempted recruitment. *See Ucelo-Gomez*, 509 F.3d at 73 ("[A]lthough the existence of persecution is a relevant factor, a social group cannot be defined exclusively by the fact that its members have been subjected to harm." (internal quotations marks and emphasis omitted)); *see also Paloka*, 762 F.3d at 196 ("[A] persecutor's perception alone is not enough to establish a cognizable social group.").

Because Barrios Roblero failed to establish a cognizable social group, the agency did not err in denying asylum and withholding of removal. *See* 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A).

Convention Against Torture

To receive protection under the CAT, an applicant must "establish that it is more likely than not that he . . . would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2). "Torture is defined as any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person . . . at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1). "[T]orture requires . . . that government officials know of or remain willfully blind to an

act and thereafter breach their legal responsibility to prevent it." *Khouzam v. Ashcroft*, 361 F.3d 161, 171 (2d Cir. 2004).

The agency reasonably concluded that there was insufficient evidence to establish that Barrios Roblero would more likely than not be tortured. His evidence described general conditions in Mexico. Without more, such evidence is insufficient to demonstrate that Barrios Roblero will more likely than not be targeted and tortured by the cartel and that if he were targeted that Mexican officials would consent or acquiesce to his torture. *See Mu-Xing Wang v. Ashcroft*, 320 F.3d 130, 144 (2d Cir. 2003) (requiring showing that someone in applicant's "particular alleged circumstances" would be tortured); *Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 160 (2d Cir. 2005) (requiring "particularized evidence" beyond general country conditions to support a CAT claim).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6